■ MOE SIEGEL et al., Respondents, v. JACK KRANIS, Appellant.— In this action to recover damages on the grounds of defendant's alleged negligence and malpractice, defendant appeals from an order of the Supreme Court, Kings County, dated July 3, 1969, which granted plaintiffs' motion for summary judgment on the issue of liability, pursuant to CPLR 3212, and set the case down for an assessment of damages. Order modified, (1) by inserting in the first decretal paragraph thereof, immediately after the provision that the motion is "granted", the following: "to the extent set forth below"; (2) by inserting the following immediately after the first decretal paragraph thereof: "ORDERED that the following facts shall be deemed established for all purposes in the action: 1. Plaintiffs were involved in an automobile accident on February 15, 1960; 2. The automobile involved was owned by Fred Battles and operated by Roland Rouse; 3. Plaintiffs retained defendant as attorney, by written retainer agreement, to prosecute their claim, on March 2, 1960; 4. Defendant never commenced an action against Fred Battles or Roland Rouse on behalf of plaintiffs; 5. Defendant individually never filed a notice of claim with Motor Vehicle Accident Indemnity Corporation on August 11, 1960; 6. A claim on behalf of the plaintiffs was filed with the Motor Vehicle Accident Indemnification Corporation on August 11, 1960; 7. The claim was rejected by Motor Vehicle Accident Indemnification Corporation on September 28, 1960, on the ground that it had not been filed within the prescribed statutory period of 90 days after the accident; 8. On November 15, 1962, arbitration of the claim was demanded upon behalf of plaintiffs; 9. A jury on September 23, 1965 found adversely to plaintiffs on the issue of the timeliness of the filing of the claim; 10. On October 7, 1965, the Supreme Court, New York County, entered an order staying arbitration; 11. Plaintiffs have lost their rights to attempt to collect for their injuries from Motor Vehicle Accident Indemnification Corporation or Fred Battles or Roland Rouse; and it is further"; and (3) by striking from the second decretal paragraph thereof everything from "that an assessment" to "the Justice presiding", inclusive, and substituting therefor the following: "the case shall proceed to trial upon all the remaining issues,

including damages, on the earliest available date". As so modified, order affirmed, without costs. In its decision, the Special Term stated in part: "In setting this case down for an assessment of damages, the court does not overlook the fact that for plaintiffs to recover they must not only prove their cause of action against the original tort feasors, but must also prove their injuries and special damages, if any. * * * Hence the limitation on the amount of recovery against defendant is whatever sums a jury may fix as their damages for their injuries, medical and hospital bills, if any, and loss of earnings, if any." In our opinion, Special Term's order is neither consonant with nor in conformity to its decision. Rabin, Acting P. J., Martuscello, Latham, Kleinfeld and Brennan, JJ., concur.